# EXHIBIT 13

Case 2:09-cv-05006-DMC -MF   Document 30-28   Filed 01/11/10   Page 2 of 5

78 Companies Act 2006 (c. 46)
Part 10 — A company's directors
Chapter 1 — Appointment and removal of directors

(3) Where notice is given of an intended resolution to remove a director under that section, and the director concerned makes with respect to it representations in writing to the company (not exceeding a reasonable length) and requests their notification to members of the company, the company shall, unless the representations are received by it too late for it to do so—

    (a) in any notice of the resolution given to members of the company state the fact of the representations having been made; and

    (b) send a copy of the representations to every member of the company to whom notice of the meeting is sent (whether before or after receipt of the representations by the company).

(4) If a copy of the representations is not sent as required by subsection (3) because received too late or because of the company's default, the director may (without prejudice to his right to be heard orally) require that the representations shall be read out at the meeting.

(5) Copies of the representations need not be sent out and the representations need not be read out at the meeting if, on the application either of the company or of any other person who claims to be aggrieved, the court is satisfied that the rights conferred by this section are being abused.

(6) The court may order the company's costs (in Scotland, expenses) on an application under subsection (5) to be paid in whole or in part by the director, notwithstanding that he is not a party to the application.

## CHAPTER 2

### GENERAL DUTIES OF DIRECTORS

*Introductory*

**170 Scope and nature of general duties**

(1) The general duties specified in sections 171 to 177 are owed by a director of a company to the company.

(2) A person who ceases to be a director continues to be subject—

    (a) to the duty in section 175 (duty to avoid conflicts of interest) as regards the exploitation of any property, information or opportunity of which he became aware at a time when he was a director, and

    (b) to the duty in section 176 (duty not to accept benefits from third parties) as regards things done or omitted by him before he ceased to be a director.

To that extent those duties apply to a former director as to a director, subject to any necessary adaptations.

(3) The general duties are based on certain common law rules and equitable principles as they apply in relation to directors and have effect in place of those rules and principles as regards the duties owed to a company by a director.

(4) The general duties shall be interpreted and applied in the same way as common law rules or equitable principles, and regard shall be had to the corresponding common law rules and equitable principles in interpreting and applying the general duties.

Case 2:09-cv-05006-DMC -MF   Document 30-28   Filed 01/11/10   Page 3 of 5

*Companies Act 2006 (c. 46)*  79
*Part 10 — A company's directors*
*Chapter 2 — General duties of directors*

(5) The general duties apply to shadow directors where, and to the extent that, the corresponding common law rules or equitable principles so apply.

*The general duties*

**171  Duty to act within powers**

A director of a company must—
   (a) act in accordance with the company's constitution, and
   (b) only exercise powers for the purposes for which they are conferred.

**172  Duty to promote the success of the company**

(1) A director of a company must act in the way he considers, in good faith, would be most likely to promote the success of the company for the benefit of its members as a whole, and in doing so have regard (amongst other matters) to—
   (a) the likely consequences of any decision in the long term,
   (b) the interests of the company's employees,
   (c) the need to foster the company's business relationships with suppliers, customers and others,
   (d) the impact of the company's operations on the community and the environment,
   (e) the desirability of the company maintaining a reputation for high standards of business conduct, and
   (f) the need to act fairly as between members of the company.

(2) Where or to the extent that the purposes of the company consist of or include purposes other than the benefit of its members, subsection (1) has effect as if the reference to promoting the success of the company for the benefit of its members were to achieving those purposes.

(3) The duty imposed by this section has effect subject to any enactment or rule of law requiring directors, in certain circumstances, to consider or act in the interests of creditors of the company.

**173  Duty to exercise independent judgment**

(1) A director of a company must exercise independent judgment.

(2) This duty is not infringed by his acting—
   (a) in accordance with an agreement duly entered into by the company that restricts the future exercise of discretion by its directors, or
   (b) in a way authorised by the company's constitution.

**174  Duty to exercise reasonable care, skill and diligence**

(1) A director of a company must exercise reasonable care, skill and diligence.

(2) This means the care, skill and diligence that would be exercised by a reasonably diligent person with—
   (a) the general knowledge, skill and experience that may reasonably be expected of a person carrying out the functions carried out by the director in relation to the company, and

80

Companies Act 2006 (c. 46)
Part 10 — A company's directors
Chapter 2 — General duties of directors

    (b)    the general knowledge, skill and experience that the director has.

**175 Duty to avoid conflicts of interest**

(1) A director of a company must avoid a situation in which he has, or can have, a direct or indirect interest that conflicts, or possibly may conflict, with the interests of the company.

(2) This applies in particular to the exploitation of any property, information or opportunity (and it is immaterial whether the company could take advantage of the property, information or opportunity).

(3) This duty does not apply to a conflict of interest arising in relation to a transaction or arrangement with the company.

(4) This duty is not infringed—
    (a)    if the situation cannot reasonably be regarded as likely to give rise to a conflict of interest; or
    (b)    if the matter has been authorised by the directors.

(5) Authorisation may be given by the directors—
    (a)    where the company is a private company and nothing in the company's constitution invalidates such authorisation, by the matter being proposed to and authorised by the directors; or
    (b)    where the company is a public company and its constitution includes provision enabling the directors to authorise the matter, by the matter being proposed to and authorised by them in accordance with the constitution.

(6) The authorisation is effective only if—
    (a)    any requirement as to the quorum at the meeting at which the matter is considered is met without counting the director in question or any other interested director, and
    (b)    the matter was agreed to without their voting or would have been agreed to if their votes had not been counted.

(7) Any reference in this section to a conflict of interest includes a conflict of interest and duty and a conflict of duties.

**176 Duty not to accept benefits from third parties**

(1) A director of a company must not accept a benefit from a third party conferred by reason of—
    (a)    his being a director, or
    (b)    his doing (or not doing) anything as director.

(2) A "third party" means a person other than the company, an associated body corporate or a person acting on behalf of the company or an associated body corporate.

(3) Benefits received by a director from a person by whom his services (as a director or otherwise) are provided to the company are not regarded as conferred by a third party.

(4) This duty is not infringed if the acceptance of the benefit cannot reasonably be regarded as likely to give rise to a conflict of interest.

Case 2:09-cv-05006-DMC -MF   Document 30-28   Filed 01/11/10   Page 5 of 5

Companies Act 2006 (c. 46)  81
Part 10 – A company's directors
Chapter 2 – General duties of directors

(5) Any reference in this section to a conflict of interest includes a conflict of interest and duty and a conflict of duties.

**177  Duty to declare interest in proposed transaction or arrangement**

(1) If a director of a company is in any way, directly or indirectly, interested in a proposed transaction or arrangement with the company, he must declare the nature and extent of that interest to the other directors.

(2) The declaration may (but need not) be made—
   (a) at a meeting of the directors, or
   (b) by notice to the directors in accordance with—
      (i) section 184 (notice in writing), or
      (ii) section 185 (general notice).

(3) If a declaration of interest under this section proves to be, or becomes, inaccurate or incomplete, a further declaration must be made.

(4) Any declaration required by this section must be made before the company enters into the transaction or arrangement.

(5) This section does not require a declaration of an interest of which the director is not aware or where the director is not aware of the transaction or arrangement in question.
For this purpose a director is treated as being aware of matters of which he ought reasonably to be aware.

(6) A director need not declare an interest—
   (a) if it cannot reasonably be regarded as likely to give rise to a conflict of interest;
   (b) if, or to the extent that, the other directors are already aware of it (and for this purpose the other directors are treated as aware of anything of which they ought reasonably to be aware); or
   (c) if, or to the extent that, it concerns terms of his service contract that have been or are to be considered—
      (i) by a meeting of the directors, or
      (ii) by a committee of the directors appointed for the purpose under the company's constitution.

*Supplementary provisions*

**178  Civil consequences of breach of general duties**

(1) The consequences of breach (or threatened breach) of sections 171 to 177 are the same as would apply if the corresponding common law rule or equitable principle applied.

(2) The duties in those sections (with the exception of section 174 (duty to exercise reasonable care, skill and diligence)) are, accordingly, enforceable in the same way as any other fiduciary duty owed to a company by its directors.