EXHIBIT 14

*General*

### 258 Power to increase financial limits

(1) The Secretary of State may by order substitute for any sum of money specified in this Part a larger sum specified in the order.

(2) An order under this section is subject to negative resolution procedure.

(3) An order does not have effect in relation to anything done or not done before it comes into force.

Accordingly, proceedings in respect of any liability incurred before that time may be continued or instituted as if the order had not been made.

### 259 Transactions under foreign law

For the purposes of this Part it is immaterial whether the law that (apart from this Act) governs an arrangement or transaction is the law of the United Kingdom, or a part of it, or not.

## PART 11

DERIVATIVE CLAIMS AND PROCEEDINGS BY MEMBERS

### CHAPTER 1

DERIVATIVE CLAIMS IN ENGLAND AND WALES OR NORTHERN IRELAND

### 260 Derivative claims

(1) This Chapter applies to proceedings in England and Wales or Northern Ireland by a member of a company—

    (a) in respect of a cause of action vested in the company, and

    (b) seeking relief on behalf of the company.

This is referred to in this Chapter as a "derivative claim".

(2) A derivative claim may only be brought—

    (a) under this Chapter, or

    (b) in pursuance of an order of the court in proceedings under section 994 (proceedings for protection of members against unfair prejudice).

(3) A derivative claim under this Chapter may be brought only in respect of a cause of action arising from an actual or proposed act or omission involving negligence, default, breach of duty or breach of trust by a director of the company.

The cause of action may be against the director or another person (or both).

(4) It is immaterial whether the cause of action arose before or after the person seeking to bring or continue the derivative claim became a member of the company.

(5) For the purposes of this Chapter—

    (a) "director" includes a former director;

    (b) a shadow director is treated as a director; and

Companies Act 2006 (c. 46)                                                                                    123
Part 11 — Derivative claims and proceedings by members
Chapter 1 — Derivative claims in England and Wales or Northern Ireland

(c)   references to a member of a company include a person who is not a
      member but to whom shares in the company have been transferred or
      transmitted by operation of law.

**261    Application for permission to continue derivative claim**

(1)   A member of a company who brings a derivative claim under this Chapter
      must apply to the court for permission (in Northern Ireland, leave) to continue
      it.

(2)   If it appears to the court that the application and the evidence filed by the
      applicant in support of it do not disclose a prima facie case for giving
      permission (or leave), the court—
      (a)   must dismiss the application, and
      (b)   may make any consequential order it considers appropriate.

(3)   If the application is not dismissed under subsection (2), the court—
      (a)   may give directions as to the evidence to be provided by the company,
            and
      (b)   may adjourn the proceedings to enable the evidence to be obtained.

(4)   On hearing the application, the court may—
      (a)   give permission (or leave) to continue the claim on such terms as it
            thinks fit,
      (b)   refuse permission (or leave) and dismiss the claim, or
      (c)   adjourn the proceedings on the application and give such directions as
            it thinks fit.

**262    Application for permission to continue claim as a derivative claim**

(1)   This section applies where—
      (a)   a company has brought a claim, and
      (b)   the cause of action on which the claim is based could be pursued as a
            derivative claim under this Chapter.

(2)   A member of the company may apply to the court for permission (in Northern
      Ireland, leave) to continue the claim as a derivative claim on the ground that—
      (a)   the manner in which the company commenced or continued the claim
            amounts to an abuse of the process of the court,
      (b)   the company has failed to prosecute the claim diligently, and
      (c)   it is appropriate for the member to continue the claim as a derivative
            claim.

(3)   If it appears to the court that the application and the evidence filed by the
      applicant in support of it do not disclose a prima facie case for giving
      permission (or leave), the court—
      (a)   must dismiss the application, and
      (b)   may make any consequential order it considers appropriate.

(4)   If the application is not dismissed under subsection (3), the court—
      (a)   may give directions as to the evidence to be provided by the company,
            and
      (b)   may adjourn the proceedings to enable the evidence to be obtained.

124                                                                                                Companies Act 2006 (c. 46)
Part 11 — Derivative claims and proceedings by members
Chapter 1 — Derivative claims in England and Wales or Northern Ireland

(5)   On hearing the application, the court may—

    (a)   give permission (or leave) to continue the claim as a derivative claim on such terms as it thinks fit,

    (b)   refuse permission (or leave) and dismiss the application, or

    (c)   adjourn the proceedings on the application and give such directions as it thinks fit.

**263    Whether permission to be given**

(1)   The following provisions have effect where a member of a company applies for permission (in Northern Ireland, leave) under section 261 or 262.

(2)   Permission (or leave) must be refused if the court is satisfied—

    (a)   that a person acting in accordance with section 172 (duty to promote the success of the company) would not seek to continue the claim, or

    (b)   where the cause of action arises from an act or omission that is yet to occur, that the act or omission has been authorised by the company, or

    (c)   where the cause of action arises from an act or omission that has already occurred, that the act or omission—

        (i)   was authorised by the company before it occurred, or

        (ii)   has been ratified by the company since it occurred.

(3)   In considering whether to give permission (or leave) the court must take into account, in particular—

    (a)   whether the member is acting in good faith in seeking to continue the claim;

    (b)   the importance that a person acting in accordance with section 172 (duty to promote the success of the company) would attach to continuing it;

    (c)   where the cause of action results from an act or omission that is yet to occur, whether the act or omission could be, and in the circumstances would be likely to be—

        (i)   authorised by the company before it occurs, or

        (ii)   ratified by the company after it occurs;

    (d)   where the cause of action arises from an act or omission that has already occurred, whether the act or omission could be, and in the circumstances would be likely to be, ratified by the company;

    (e)   whether the company has decided not to pursue the claim;

    (f)   whether the act or omission in respect of which the claim is brought gives rise to a cause of action that the member could pursue in his own right rather than on behalf of the company.

(4)   In considering whether to give permission (or leave) the court shall have particular regard to any evidence before it as to the views of members of the company who have no personal interest, direct or indirect, in the matter.

(5)   The Secretary of State may by regulations—

    (a)   amend subsection (2) so as to alter or add to the circumstances in which permission (or leave) is to be refused;

    (b)   amend subsection (3) so as to alter or add to the matters that the court is required to take into account in considering whether to give permission (or leave).

*Companies Act 2006 (c. 46)*
*Part 11 — Derivative claims and proceedings by members*
*Chapter 1 — Derivative claims in England and Wales or Northern Ireland*

125

(6) Before making any such regulations the Secretary of State shall consult such persons as he considers appropriate.

(7) Regulations under this section are subject to affirmative resolution procedure.

**264  Application for permission to continue derivative claim brought by another member**

(1) This section applies where a member of a company ("the claimant")—

    (a) has brought a derivative claim,

    (b) has continued as a derivative claim a claim brought by the company, or

    (c) has continued a derivative claim under this section.

(2) Another member of the company ("the applicant") may apply to the court for permission (in Northern Ireland, leave) to continue the claim on the ground that—

    (a) the manner in which the proceedings have been commenced or continued by the claimant amounts to an abuse of the process of the court,

    (b) the claimant has failed to prosecute the claim diligently, and

    (c) it is appropriate for the applicant to continue the claim as a derivative claim.

(3) If it appears to the court that the application and the evidence filed by the applicant in support of it do not disclose a prima facie case for giving permission (or leave), the court—

    (a) must dismiss the application, and

    (b) may make any consequential order it considers appropriate.

(4) If the application is not dismissed under subsection (3), the court—

    (a) may give directions as to the evidence to be provided by the company, and

    (b) may adjourn the proceedings to enable the evidence to be obtained.

(5) On hearing the application, the court may—

    (a) give permission (or leave) to continue the claim on such terms as it thinks fit,

    (b) refuse permission (or leave) and dismiss the application, or

    (c) adjourn the proceedings on the application and give such directions as it thinks fit.

## CHAPTER 2

### DERIVATIVE PROCEEDINGS IN SCOTLAND

**265  Derivative proceedings**

(1) In Scotland, a member of a company may raise proceedings in respect of an act or omission specified in subsection (3) in order to protect the interests of the company and obtain a remedy on its behalf.

(2) A member of a company may raise such proceedings only under subsection (1).